IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| KAREN SAMPSON, | : | |
| | : | |
| Defendant | : | |

**M E M O R A N D U M**

November 20, 2008

**BACKGROUND:**

On October 25, 2007, a Grand Jury returned an indictment against Karen Sampson and two (2) other individuals, Dumfer Adjei-Frimpong and Aiziz Salam. (4:CR-07-421, Rec. Doc. No. 1). Count One of the indictment charged Sampson and her co-defendants with conspiracy to tamper with witnesses in another criminal matter, in violation of 18 U.S.C. § 1513(b)(2). Sampson and her co-defendants were also charged with additional counts of witness tampering, in violation of 18 U.S.C. §§ 1513(b)(2) and (c) and 18 U.S.C. §§ 1512(b)(2)(A) and (j). Defendant was arraigned and pled not guilty to the Indictment.

On August 18, 2008, a grand jury issued a Third Superseding Indictment in United States v. Best, et. al., a drug trafficking case, adding Sampson, Adjei-

Frimpong and Salam as defendants to the <u>Best</u> case. (4:07-CR-389, Rec. Doc. No. 435). In addition to the original charges against Sampson and her original co-defendants, Count One of this Indictment charged them with conspiracy to distribute and possess with intent to distribute, more than fifty (50) grams of cocaine base known as crack, more than 500 grams of cocaine and an undetermined amount of marijuana, in protected zones, in violation of 21 U.S.C. §§ 846 and 860. Sampson was arraigned and entered a plea of not guilty. The government dismissed 4:07-CR-421 on August 20, 2008.

On October 1, 2008, Sampson filed this "Motion To Be Tried Separately From Original Defendants As A Result of Improper Joinder Under Rule 8(b), And In The Alternative For Severance Under Rule 14." (Rec. Doc. No. 533). A supporting brief was filed with the motion. The United States has failed to file a brief in opposition to defendant's motion. LR 7.6 of the Local Rules of the United States District Court for the Middle District of Pennsylvania reads in part as follows:

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents within fifteen (15) days after service of the movant's brief, . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

Although the government is therefore deemed not to oppose defendant's

motion, we will review the motion on its merits. This motion is now ripe for disposition.

**DISCUSSION:**

Sampson seeks misjoinder or severance on the grounds that he was improperly joined with the other defendants and that joinder is unduly prejudicial in this instance.

Rule 8(b) of the Federal Rules of Criminal Procedure states as follows:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 14(a) of the Federal Rules of Criminal Procedure states in relevant part as follows:

> (a) Relief. If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

There exists a preference in the federal system for joint trials of defendants who are indicted together. See, e.g., Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Quintero, 38 F.3d 1317, 1339 (3d Cir. 1994). Under Rule

8(b), joinder of defendants is appropriate if "a transactional nexus exists between the . . . defendants to be joined." United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991). Such a transactional nexus exists where the allegations are part of the "same act or transaction, or ... the same series of acts or transactions." Fed. R. Crim. P. 8(b). The "same act or transaction" language is defined broadly to include a "common plan or scheme." See, e.g., United States v. Somers, 496 F.2d 723, 729-30.

An indictment is legally sufficient even if it charges only essential elements of conspiracy, without alleging roles or theory of culpability of defendant. United States v. Johnstone, 856 F.2d 539, 541-42 (3d Cir. 1988) (holding that a narcotics conspiracy indictment was not facially defective where indictment contained statutory elements of offense, time frame and geographical area of conspiracy, specified purpose of conspiracy and described role of several of defendant's co-defendants, but did not specify the role played by defendant in carrying out conspiracy); United States v. Scarfo, 711 F. Supp. 1315, 1346 (E.D. Pa. 1989). The mere allegation of a conspiracy presumptively satisfies Rule 8(b) because the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense. United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988); see Somers, 496 F.2d at 729-30 (acknowledging that

joinder of conspiracy counts and underlying substantive counts is permissible under Rule 8(b) because "the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan").  In determining whether joinder is appropriate, the district court shall focus on the indictment, not on proof subsequently adduced at trial.  Eufrasio, 935 F.2d at 567.

Under Rule 14, severance is appropriate where joinder creates a risk of substantial prejudice to a particular defendant or the government.  See Zafiro, 506 U.S. at 540.  Severance is a matter committed to the trial court's discretion and Rule 14 places the burden of showing prejudice from the joinder on the defendant seeking severance.  Eufrasio, 935 F.2d at 568.  Prejudice is the critical question and the mere allegation of prejudice is not enough.  A defendant must affirmatively show "clear and substantial prejudice."  See United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).  It is incumbent on a defendant to show more than the fact that a separate trial might offer him or her a better chance of acquittal.  Id.  In light of these standards we will consider Sampson's motion.

The manner and means section of Count One of the Third Superseding Indictment demonstrates a "transactional nexus" between the defendants charged.  It is alleged, inter alia, that the defendants, including Karen Sampson, "did intentionally, knowingly and unlawfully combine, conspire . . . and agree

together" to distribute crack cocaine and "[d]uring the course of the conspiracy and in furtherance thereof . . . [m]ade trips from Lycoming County to Florida, Alabama and Philadelphia, Pennsylvania, to obtain quantities of COCAINE and CRACK for distribution in the Lycoming County area."  In light of these allegations it was proper to join all of the defendants in one Indictment.  See United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) ("[F]ederal system prefers joint trials to promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.") (quoting United States v. Urban, 404 F.3d 754, 755 (3d Cir. 2005)).

      The defendant's contention that the conspiracy charge is based upon an unrelated substantive offense involving witness tampering, or that she had little contact with the co-defendants, has little effect upon this fundamental principle.  See United States v. Voight, 89 F.3d 1050, 1096-96 (3d Cir. 1996); United States v. Smolar, 557 F.2d 13, 21 (1st Cir. 1977).  It was not necessary for Sampson or the other defendants charged with witness tampering to engage in drug trafficking to be charged as conspirators in the trafficking operation.  Witness tampering and felony drug trafficking charges may be properly joined under Rule 8(a)'s "common scheme or plan" language when it is alleged that the former offense was committed in furtherance of the later offense.  This is the case here, as the government alleged

that Sampson and her co-defendants threatened witnesses to assist their co-conspirators avoid prosecution on drug charges.

Therefore, severance is only proper under our discretion if Sampson would be clearly and substantially prejudiced in a joint trial. See Zafiro, 506 U.S. at 539-40. In support of her motion, Sampson claims that she is prejudiced by the severity of the charges against the original Best defendants and the strain a trial of this size and complexity would place upon the jury system. In demonstrating prejudice, the defendant bears a "heavy burden," United States v. Niederberger, 580 F.2d 63, 66 (3d Cir), cert. denied, 439 U.S. 980 (1978), to show there is clear and substantial prejudice, not mere speculation. United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993). We find Sampson's statements to be conclusory, not evidentiary, because she fails to provide specific examples of how she would be prejudiced by her co-defendants' charges and neglects to demonstrate instances of juries mishandling cases analogous to the one at bar. Such speculation cannot overcome the defendant's heavy burden. United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981) ("Mere allegations of prejudice are not enough; and it is not sufficient simple to establish that severance would improve the defendant's chance of acquittal.") (citations omitted).

Sampson also contends that there may be an evidence admissibility issue

regarding her husband and co-defendant Earl Sampson, his willingness to testify in her defense and her ability to introduce his written statements at trial. This assertion is riddled with speculation. As previously noted, speculation is an improper basis for severance. Reicherter, 647 F.2d at 400.

Although we will deny the motion for severance at this time, we may reconsider severance for logistical purposes once we are able to ascertain the number of defendants and counts that will remain active for trial.

**CONCLUSION:**

For the aforementioned reasons, the court will deny defendant Karen Sampson's "Motion To Be Tried Separately From Original Defendants As A Result of Improper Joinder Under Rule 8(b), And In The Alternative For Severance Under Rule 14."

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          4:CR-07-389

|                    | :   |                  |
| ------------------ | --- | ---------------- |
| v.                 | :   | (Judge McClure)  |
|                    | :   |                  |
| KAREN SAMPSON,     | :   |                  |
|                    | :   |                  |
| Defendant          | :   |                  |

**O R D E R**

November 20, 2008

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

Defendant's "Motion To Be Tried Separately From Original Defendants As A Result of Improper Joinder Under Rule 8(b), And In The Alternative For Severance Under Rule 14" (Rec. Doc. No. 533) is DENIED.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge